IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**SIDNEY MARTS,**

      Petitioner,
v.                                        Case No. 4:19cv054-RH/CAS

**MARK S. INCH, Secretary,**
**Florida Department of**
**Corrections,**

      Respondent.
_____/

## REPORT AND RECOMMENDATION

On or about January 23, 2019, Petitioner Sidney Marts, a Florida state prisoner proceeding pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  An amended petition was directed, which was filed on February 6, 2019 (by the mailbox rule).  ECF Nos. 6, 8.  On June 4, 2019, Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies.  ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned concludes that Petitioner has not demonstrated entitlement to proceed under § 2241 and this petition should be dismissed.

## **Background**

Petitioner is an inmate currently incarcerated at Franklin Correctional Institution.  See ECF No. 10.  He is in custody under sentences imposed by the Circuit Court of Escambia County, Florida, in case number 2007-CF-6067, having been convicted of fraudulent use of personal identification, uttering a forged instrument, grand theft, and resisting an officer without violence.  ECF No. 8 at 2.  Petitioner has previously sought relief for various complaints in petitions filed pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254.  See, e.g., Marts v. Sec'y, Fla. Dep't of Corr., No. 4:18cv552-RH/CJK; Marts v. Sec'y, Fla. Dep't of Corr., No. 3:18cv2378-MCR/MJF; Marts v. Jones, No. 3:17cv651-LC/CAS; Marts v. Jones, No. 3:17cv260-LC/GRJ; Marts v. Jones, No. 4:16cv783-WS/CAS; Marts v. United States of America, No. 3:16cv587-MCR/CJK; Marts v. Jones, No. 3:16cv453-LC/EMT; Marts v. Jones, No. 3:15cv399-RV/EMT.[1]

In his amended petition, Petitioner requests the Court to direct Respondent to remove a disciplinary report from his inmate record and to reinstate gain time forfeited as a result of the disciplinary conviction.  ECF No. 8 at 4.  He alleges that the Florida Supreme Court lacked subject matter jurisdiction or other authority to order enforcement of disciplinary

---

[1] Since 2008, Petitioner has filed twenty-three petitions in this Court.

sanctions when it notified the Department of Corrections that Petitioner had been sanctioned by that Court for abusing judicial resources pursuant to section 944.279(1), Florida Statutes (2018).  He also alleges that the Florida Supreme Court's order denies him access to courts.  ECF No. 8 at 4.  *See* Marts v. Jones, 260 So. 3d 1057 (Fla. 2018) (SC18-1163), ECF No. 12-1 at 9-14,[2] and Marts v. Jones, No. SC18-1679, 2018 WL 6263237, at *1 (Fla. Nov. 29, 2018).

     Respondent moves to dismiss the § 2241 petition on the ground that it challenges prison disciplinary action without having exhausted administrative and state court remedies.  ECF No. 12 at 1.  Petitioner responds that the petition is not restricted to a challenge to disciplinary action, but is challenging the authority of the Florida Supreme Court to prohibit him from further filings in that court that are not signed by a member in good standing of The Florida Bar.  He further challenges the authority of the state court to refer that decision to the correctional institution.  ECF No. 13 at 6.

---

[2] Hereinafter, all citations to the state court record refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 12, or exhibits included in Petitioner's response in opposition to motion, ECF No. 13.

## Analysis

In a decision issued December 20, 2018, in case number SC18-1163, the Florida Supreme Court stated:

> Since September 17, 2008, Marts has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court. Including the petition in the instant case, Marts has filed twenty-nine pro se petitions or notices with this Court since September 17, 2008.  The Court has disposed of twenty-four of these filings to date, not including the petition in this case.  Additionally, three of Petitioner's filings were voluntarily dismissed and one is currently pending before the Court.  This Court has never granted Marts the relief sought in any of his filings here.  Each of the twenty-four petitions and notices was denied, dismissed, or transferred to another court for consideration; his petition in this case is no exception.
>
> . . . .
>
> Therefore, based on Marts' extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources.  *See* Pettway v. McNeil, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings").  If no action is taken, Marts will continue to burden this Court's resources.  We further conclude that Marts' habeas corpus petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner.  *See* § 944.279(1), Fla. Stat. (2018).
>
> Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Sidney Marts Jr. that are related to case number 172007CF006067[], unless such filings are signed by a member in good standing of The Florida Bar.  **Furthermore, because we have found Marts' petition to be frivolous, we direct the Clerk of this**

> **Court, pursuant to section 944.279(1), Florida Statutes (2018), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Marts is incarcerated**.

Marts v. Jones, 260 So. 3d 1057, 1058-59 (Fla. 2018) (emphasis added), *cert. denied sub nom*. Marts v. Inch, 139 S. Ct. 2029 (2019).

At the court's direction, the Clerk of the Florida Supreme Court sent a letter to the General Counsel for the Florida Department of Corrections on December 20, 2018, stating in full:

> At the Direction of the Court, please find attached a certified copy of the opinion issued in Sidney Marts, Jr. v. Julie L. Jones, etc., Case No. SC18-1163, issued by this Court on December 20, 2018.

ECF No. 12-1 at 8 (Exhibit A to Respondent's Motion to Dismiss). The Department of Corrections initiated disciplinary proceedings based on the Florida Supreme Court decision. ECF No. 12-1 at 2. Petitioner was notified of the charges prior to the hearing, was offered but declined staff assistance, and was present at the hearing. *Id.* The hearing resulted in Petitioner being found guilty and receiving disciplinary confinement of fifteen days and loss of fifteen days accrued gain time. ECF No. 12-1 at 3. The report was reviewed and approved by the warden. ECF No. 12-1 at 3. The report notified Petitioner that he had fifteen days to appeal the decision and discipline. *Id.*

As noted in the Florida Supreme Court's opinion, the letter was sent pursuant to section 944.279(1), Florida Statutes (20180, which states:

> **944.279. Disciplinary procedures applicable to prisoner for filing frivolous or malicious actions or bringing false information before court—**
>
> (1) At any time, and upon its own motion or on motion of a party, a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith.  **A prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court, which is filed after June 30, 1996, or to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.**  The court shall issue a written finding and direct that a certified copy be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09.

§ 944.279(2), Fla. Stat. (2018) (emphasis added).

Petitioner brought a similar claim challenging a different disciplinary action based on referral by a Florida court of a finding of abuse of judicial resources.  In Marts v. Jones, No. 3:17cv651-LC/CAS, 2018 WL 3524846 (N.D. Fla. July 13, 2018), the Respondent moved to dismiss alleging that Petitioner failed to exhaust state court remedies.  Petitioner argued that he was prohibited from exhausting remedies because he was barred in sanction orders from pro se filings pertaining to his criminal case due to

abuse of judicial resources.  This Court dismissed the § 2254 petition for failure to exhaust state court remedies, stating:

> Petitioner's claim that state exhaustion was unavailable is not supported by the record.  First, although Petitioner was prohibited from filing pro se motions in the state trial court in Escambia County and in the First DCA in Case No. 2007-CF-06067A, he was not prohibited from filing pro se petitions in either court challenging the DOC's disciplinary actions.  *See* Ex. B at 17; <u>Marts v. State</u>, 59 So. 3d 136 (Fla. 1st DCA 2011).  In its order prohibiting future pro se filings, the state trial court specifically found "that [Petitioner] . . . should be barred from future *pro se* filings *in the instant case*" and prohibited Petitioner from filing "in this Court in this matter" unless his petitions were reviewed by a licensed attorney.  Ex. B at 17 (emphasis added).  The state trial court did not bar Petitioner from filing entirely, but specifically "in this matter," referring to Case No. 2007-CF-06067A.  *Id.*  In <u>Marts v. State</u>, the First DCA explicitly states, "[Petitioner] is barred from future pro se filings concerning Escambia County Circuit Court case number 2007-CF-6067." 59 So. 3d at 137 (Fla. 1st DCA 2011).  Therefore, Petitioner had the opportunity to file a petition challenging his DR and its resulting sanctions in the state trial court as well as the First DCA.
>
> Second, Petitioner was not barred from filing a Petition for Writ of Mandamus in the Circuit Court in Leon County, the proper venue and proper petition for appealing from DOC disciplinary actions.  *See* <u>Bush v. State</u>, 945 So. 2d 1207, 1211-13 (Fla. 2006) ("Thus, under both section 47.011 and the home venue privilege, the circuit court in Leon County is the proper venue for such cases if the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release.").  Petitioner has not alleged that he has been barred from filing pro se petitions in the Circuit Court in Leon County.

*Id.* at *3 (N.D. Fla. July 13, 2018), *report and recommendation adopted*, No. 3:17cv651-LC/CAS, 2018 WL 3519985 (N.D. Fla. July 20, 2018), *appeal dismissed sub nom.* Marts v. Sec'y, Fla. Dep't of Corr., No. 18-13454-D, 2018 WL 7360670 (11th Cir. Nov. 7, 2018).

Although Petitioner labels his request for habeas relief in the present case as arising under 28 U.S.C. § 2241, this action is also governed by 28 U.S.C. § 2254 because Petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that a state prisoner in custody pursuant to a state court criminal conviction has a single habeas corpus remedy governed by § 2241 and § 2254 and "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254."). Under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). With limited exceptions, an application for a writ of habeas corpus shall not be granted unless the applicant has exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1) & (c).

Case No. 4:19cv054-RH/CAS

Thus, prisoners seeking habeas corpus relief under § 2241 must exhaust their state administrative and state court remedies before habeas relief can be granted. Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quotation omitted). Petitioner's recourse to challenge the disciplinary report was to properly exhaust his administrative grievances and then to present the fully exhausted claim to the state court for its review.

Exhausting available administrative remedies requires compliance with all the steps that the agency provides within its grievance system. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). The administrative remedy available to all inmates is the Department's three step internal dispute resolution procedure described in Chapter 33-103, Florida Administrative Code. The first step is an informal grievance raised within the institution where the inmate is housed. Fla. Admin. Code R. 33-103.005. The next

step is a formal grievance directed to the warden or assistant warden of the institution.  Fla. Admin. Code R. 33-103.006.  The final step is an appeal to the Office of the Secretary of the Department.  Fla. Admin. Code R. 33-103.007.  An Inmate Orientation Handbook is given to all inmates upon entering the custody of the Florida Department of Corrections to help them "understand the general rules, procedures, requirements and routines" of prison life.[3]  The Department's procedures specify the manner in which grievances must be filed and provide time limits for doing so.  *See* Fla. Admin. Code R. 33-103.011.

    In the present case, Petitioner did not properly exhaust his administrative remedies as to the disciplinary proceeding that resulted in loss of gain time, nor did he exhaust his state court remedies to appeal the disciplinary proceeding.  After the Florida Supreme Court notified the Department of Corrections that Petitioner had been sanctioned and ordered not to file further pro se pleadings in that court concerning criminal case number 2007CF6067, Petitioner was provided a disciplinary hearing on January 22, 2019.  The hearing team found sufficient evidence that Petitioner was guilty and the report was approved by the Warden on

---

[3] The Inmate Orientation Handbook is available on the Department of Corrections' website at www.dc.state.fl.us/pub/files/InmateOrientationHandbook.pdf (last visited August 26, 2019).

January 22, 2019.  ECF No. 12-1 at 1-3.  Petitioner was given fifteen days of disciplinary confinement and forfeited fifteen days of gain time previously earned.  ECF No. 12-1 at 2.  On January 23, 2019, Petitioner filed a grievance concerning this disciplinary proceeding, albeit directly with the office of the Secretary of the Department of Corrections, which was rejected for failure comply with the requirements of Rule 33-103.006, Florida Administrative Code (Inmate Grievance Procedure).  ECF No. 12-2 at 2-3 (Exhibit B);  ECF No. 12-1 at 2-7 (Exhibit A to Motion to Dismiss).[4]

      Petitioner's administrative grievance pertinent to the discipline he now seeks to challenge was rejected because Petitioner did not provide a copy of the formal grievance filed at the institutional level as required by Department grievance procedures and because it did not provide an acceptable reason for bypassing that level of the grievance procedure.  ECF No. 12-2 at 3.  In addition to failing to properly exhaust administrative remedies, Petitioner did not file a petition for writ of mandamus in the circuit court, which is the proper proceeding and venue for appealing from Department of Corrections' disciplinary actions.  Under § 2254(c), a claim is not exhausted if the petitioner "has the right under the law of the State to

---

[4] Also on January 23, 2019, petitioner filed his initial § 2241 petition in this Court by the mailbox rule.  ECF No. 1.

Case No. 4:19cv054-RH/CAS

raise, by any available procedure, the question presented." In Florida, an appeal of a prison disciplinary report must be filed as a petition for writ of mandamus in the Circuit Court in and for Leon County, Florida. See Bush v. State, 945 So. 2d 1207, 1210-11 (Fla. 2006). Petitioner has not alleged that he appealed the prison disciplinary proceedings in state court, nor is there any record of such an action.

As this Court found in Marts v. Jones, none of the sanction orders entered against Petitioner prohibited him from filing a mandamus petition to appeal disciplinary actions. See Marts v. Jones, No. 3:17cv651-LC/CAS, 2018 WL 3524846, at *3 (N.D. Fla. July 13, 2018). Thus, to the extent that the instant § 2241 petition challenges the disciplinary proceeding and loss of gain time, the petition should be dismissed for failure to exhaust both administrative and state court remedies. Because Petitioner cannot now return to state court to exhaust his state court remedies as to this claim, the dismissal should be with prejudice.[5]

---

[5] A court challenge to disciplinary proceedings resulting in forfeiture of gain time of an inmate who is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal must commence within 30 days following the final disposition through the Department's administrative grievance process under chapter 33, Florida Administrative Code. See § 95.11(8), Fla. Stat. (providing a limitations period of 30 days for bringing a court action challenging loss of gain time under § 944.28(2), Fla. Stat.; see § 944.28(2), Florida Statutes (providing for forfeiture of gain time for inmate found by a court to have brought frivolous claims).

Case No. 4:19cv054-RH/CAS

To the extent the instant § 2241 petition attempts to challenge the authority of the Florida Supreme Court to enter an order barring Petitioner from future pro se filings in that Court, and its authority to notify the Department of Corrections of that order, the claim should also be dismissed.  Petitioner argues that Florida courts' enforcement of prohibitions against pro se filings by abusive criminal litigants bars defendants' right to have their constitutional claims heard, essentially raising an access to court's claim.  ECF No. 13 at 2-3, 9.  Petitioner previously raised the same claim alleging denial of access to courts due to section 944.279(1) in Marts v. Sec'y, Fla. Dep't of Corr., No. 4:18cv552-RH/CJK, 2018 WL 6706705 (N.D. Fla. Dec. 4, 2018), *report and recommendation adopted*, No. 4:18cv552-RH/CJK, 2018 WL 6706036 (N.D. Fla. Dec. 20, 2018).  There, the Court found that the claim was not cognizable in a § 2241 proceeding but could only be brought under 42 U.S.C. § 1983 because it pertained to conditions of confinement.  *Id.* at *2 (citing Martin v. Wainwright, 526 F.2d 938, 939 (5th Cir. 1976)).  The claim was dismissed without prejudice.  *Id.*  Based on the same claim having been raised by Petitioner in Marts v. Sec'y, Fla. Dep't of Corr., No. 4:18cv552-RH/CJK, and taking judicial notice of that proceeding, Petitioner's claim that his access to courts has been denied by the sanction

order of the Florida Supreme Court in Case No. SC18-1163 should be dismissed.

Petitioner also contends that the practice of sanctioning criminal litigants for abusive filings violates due process. ECF No. 13 at 4, 7. A state prisoner may seek federal habeas corpus review of the loss of gain time as a result of a state prison disciplinary proceeding that allegedly violates his due process rights, but such review is governed by the restrictions set forth under 28 U.S.C. § 2254. Medberry v. Crosby, 351 F.3d 1049, 1054 (11th Cir. 2003). Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's petition pursuant to 28 U.S.C. § 2254 is limited. *See* Williams v. Taylor, 529 U.S. 362, 403-404 (2000). Pursuant to § 2254(d)(1), the writ may issue only if (1) the state court's adjudication resulted in a decision that "(1) 'was contrary to . . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) "involved an unreasonable application of . . . . clearly established Federal law, as determined by the Supreme Court of the United States.' " *Id.* at 412-13 (quoting 28 U.S.C. § 2254(d)(1)).

Federal habeas corpus relief is available for vindication of rights existing under federal constitutional law, and not rights existing solely under

Case No. 4:19cv054-RH/CAS

state law.  Accordingly, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of a denial of fundamental due process.  Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983); *see, e.g.*, Redman v. Dugger, 866 F.2d 387, 390 (11the Cir. 1989).  When a petition which involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is still of equal force.  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).

    There is no constitutional right to file frivolous court cases or abuse the judicial process.  The state courts of Florida have the same power possessed by a federal court to issue orders restricting litigants who "repeatedly make frivolous filings and abuse the judicial process."  *See* Wells v. Miller, 652 F. App'x 874, 875 (11th Cir. June 17, 2016) (unpublished) (citing State v. Spencer, 751 So. 2d 47 (Fla. 1999), and finding that Wells retained the right to appeal and to seek writs of mandamus to require judges to perform nondiscretionary duties).  "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Winslow v. Hunter, 17 F.3d 314, 315 (10th Cir.

Case No. 4:19cv054-RH/CAS

1994) (quoted in Williams v. Sec'y, Dep't of Corr., No. 507cv97-OC-10GRJ, 2009 WL 1513412, at *3 (M.D. Fla. May 27, 2009)); Bell v. State of Fla., No. 4:16cv278-WS/CAS, 2016 WL 4072028, at *2 (N.D. Fla. June 23, 2016), *report and recommendation adopted*, No. 4:16cv278-WS/CAS, 2016 WL 4071989, at *2 n.3 (N.D. Fla. July 28, 2016) (same).

    The state court's findings that Petitioner engaged in frivolous state-court litigation and abused the state court's judicial resources are determinations that are entitled to deference in this Court; it is not the province of this Court to "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Further, the Florida Supreme Court's implementation of section 944.279(1) by notifying the Department of Corrections of that determination is also entitled to deference in this Court. The Eleventh Circuit has explained that a claim that disciplinary proceedings resulting from application of section 944.279(1) violate equal protection states no cognizable constitutional claim because the Florida Supreme Court's interpretation and application of section 944.279(1) is binding on federal courts. Smith v. Sec'y, Dep't of Corr., No. 17-11330-TG, 2017 WL 4457448, at *2 (11th Cir. Jun. 7, 2017) (not reported in F.3d) (denying certificate of appealability of dismissal of habeas petition).

Case No. 4:19cv054-RH/CAS

Petitioner further contends that the Florida Supreme Court's action pursuant to section 944.279(1) in notifying the Department of Corrections of the pro se filing prohibition violated separation of powers because the court has no authority to direct the Department to discipline inmates. ECF No. 13 at 6. First, the claim fails to identify any federal constitutional issue in that it alleges that the Florida Supreme Court has no legislative authority to "implement a policy of (sic) practice for prison discipline." ECF No. 13 at 6. To the contrary, the Florida Supreme Court followed state law set forth in section 944.279(1), which directs that a certified copy of such a decision "be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the department as provided in s. 944.09." See § 944.279(1), Fla. Stat. (2018).

Second, nothing in the statute or the letter from the Clerk of the Florida Supreme Court notifying the Department of the decision directed the Department to impose any discipline on Petitioner pursuant to that process. Third, as the Court found in Smith, a vague and conclusory claim that section 944.279(1) violates separation of powers is insufficient to state a federal constitutional claim. The Court in Smith noted that the claim failed because the inmate did not specify which portion of the statute violates the Constitution or which provision of the Constitution it violates.

Smith, 2017 WL 4457448, at *2 ("A petitioner has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation." (citing Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).  Similarly, in the present case, Petitioner failed to specify what portion of the statute violated the United States Constitution and what provision it violated.  Because this aspect of Petitioner's § 2241 petition raises no cognizable federal constitutional claim, it should also be dismissed.

### Recommendation

For the reasons set forth above, it is **RECOMMENDED** that the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 8) be **DISMISSED**.  It is also respectfully **RECOMMENDED** that a certificate of appealability be **DENIED**, and that leave to appeal in forma pauperis be **DENIED**.  The Clerk should be directed to close the file.

**IN CHAMBERS** at Tallahassee, Florida, on September 3, 2019.

> **S/ Charles A. Stampelos**
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon**

all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.