# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

SIDNEY MARTS,

       Petitioner,

v.                          CASE NO.  4:19cv54-RH-CAS

MARK S. INCH, Secretary,
Florida Department of
Corrections,

       Respondent.

_____/

## ORDER OF DISMISSAL

       This petition for writ of habeas corpus under 28 U.S.C. § 2241 is before the court on the magistrate judge's report and recommendation, ECF No. 15, and the objections, ECF No. 17. I have reviewed de novo the issues raised by the objections.

       The petition complains of a disciplinary finding and the attendant revocation of gain time. The report and recommendation correctly concludes that this part of the petition should be dismissed for failure to exhaust administrative remedies. This makes it unnecessary to address the report and recommendation's alternative basis for dismissal: the failure to exhaust state *judicial* remedies. Not addressed in

the report and recommendation, but an alternative basis for dismissal, is that this part of the petition is unfounded on the merits. A prisoner may be sanctioned for sufficiently frivolous court filings. The petitioner apparently was afforded procedural due process before he was sanctioned on this basis, and in any event, he has not alleged facts supporting any claim that the sanction was imposed *without* procedural due process.

The report and recommendation correctly concludes that the part of the petition challenging the Florida Supreme Court's order restricting the petitioner's ability to file proceedings in that court is not cognizable under § 2241.

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons, as further explained in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on October 2, 2019.

s/Robert L. Hinkle
United States District Judge